A. M. HAGGARD, Appellant, v. MYRTLE SCOTT, Appellee.

**Sales:** RECOVERY OF PURCHASE PRICE: EQUITABLE LIEN. One who sells
personal property and parts with the absolute title thereto
can not, in the absence of fraud, accident, mistake or bad faith
in the transaction, assert a lien upon the property or the proceeds
thereof for the purchase price, either by an action in equity for
that purpose, or under Code, section 4015, which provides that
no exemption shall exist as against an execution on property
sold to enforce payment of the purchase price.

*Appeal from Dallas District Court.*—HON. EDMUND
NICHOLS, Judge.

TUESDAY, JUNE 1, 1909.

ACTION in equity to enforce an equitable lien upon
the proceeds of personal property. A demurrer to the
petition was sustained. Plaintiff refusing to plead over;
the court dismissed his petition and entered judgment for
costs. Plaintiff appeals.—*Affirmed.*

*Burton Russell,* for appellant.

*E. W. Dingwell,* for appellee.

EVANS, C. J.—The averments of the petition are, in
substance: That in December, 1907, the plaintiff sold to
one C. E. Scott certain hogs and two horses for an aggre-
gate consideration of $437.25. "That on said date the
said C. E. Scott executed and delivered to the plaintiff,
as evidence and as security for said indebtedness, his one
certain promissory note in writing, with Henry Rhinehart
as surety, in words and figures as follows:" [A copy of a

promissory note in ordinary form for $437.25, with interest at 8 percent is set forth at this point of the petition.]
It is averred, also, that some time afterwards both Scott
and Rhinehart died, and that the estate of each is insolv-
ent.   It is also averred:   That one Loher, the duly quali-
fied administrator of Scott, sold at public auction all the
property of the estate, including the property purchased
from the plaintiff.   That after such sale the widow ap-
peared in probate court and asked that all the proceeds of
exempt property be set aside to her under the statute, and
this was accordingly ordered by the probate court, and the
widow received in pursuance of such order the proceeds of
the two horses and one pig, amounting to a total of $370.
The prayer of the petition is that the plaintiff be decreed
to have an equitable lien upon the money so set apart to
the widow.   He also prays for judgment against her for
the full amount of the note, amounting to $472.23.   He
also avers grounds for the issuance of a writ of attach-
ment, and prays the issuance of the same against the money
in question.   The defendant filed a general equitable de-
murrer, which was sustained by the court.

It will be noted that the petition does not allege that
either Scott or Rhinehart was insolvent at the time of the
purchase of the property; nor does it allege any fact from
which fraud, either actual or constructive, may be im-
plied, nor any fact which created a reservation to the plain-
tiff of any right in the property sold, or of any lien there-
on, nor any fact which could confer upon the plaintiff the
right of rescinding the contract and reclaiming his prop-
erty.   The averments of the petition do show that the
plaintiff sold his property and parted with title thereto ab-
solutely, and that no element of fraud, accident, mistake
or bad faith entered into the transaction.   It is clear,
therefore, that he had no lien upon the property.   This
finding necessarily disposes of the contention that he had
a lien upon the proceeds.

The argument of plaintiff is that, under section 4015 of the Code, Scott could not have claimed an exemption in the property in question as against an execution for the purchase money. This, however, does not have the effect of giving to the plaintiff an equitable lien, either upon the property or upon the proceeds thereof. Plaintiff's rights under this section are statutory, and they are no broader than the statute. Plaintiff could only avail himself of this right by bringing himself within the statute. Whether he ever presented his claim to the administrator and filed it in the probate court does not appear. What his rights would have been in the probate court we have no occasion to determine. It is plain to us, however, that the plaintiff can not, by an independent proceeding against the widow alone, invalidate the order made by the probate court in her behalf.

The trial court properly sustained the demurrer, and its judgment is *affirmed*.